ERVIN, Justice
(dissenting):
I subscribe to the views of the trial judge. The Jury Commissioners of Dade County, Florida made their selections primarily on the basis of their individual personal acquaintance with the persons selected to serve as prospective grand *714 jurors. This method of selection is unsystematic and, in the language of the trial judge, “results in a failure of a fair cross-section of the community being nominated for Grand Jury service.” A “fair cross-section of the community” has been described in Federal decisions and need not be described here.
When Chapter 57-550, Laws of Florida, Acts of 1957, is considered in connection with due process and equal protection provisions of the Constitutions, it is apparent the Jury Commission as a body should impartially and objectively select names of persons from representative groups of the county. Selections should not be made on the basis of personal acquaintance of members of the Jury Commission because that method unduly narrows the number of persons selectible from representative groups in Dade County, which has more than one million inhabitants; such basis depends on the range of a selector’s acquaintance. Furthermore, the human element of personal acquaintance tends toward a preference for particular persons known to the individual member of the Commission and away from an objective drawing of names of persons from representative groups in the community.
It seems to me a proper system would be to draw by lot, rather than by personal acquaintance, a sufficient proportion of names of citizens from duly ascertained representative groups in the county, possibly ascertained from precinct voter registration lists or other similar indices to the identity of such citizens in their representative groups. After these names are so selected from a “fair cross-section of the community,” it would then be within the province of the Commission, pursuant to Chapter 57-550, to investigate each of such persons as to their juror qualifications and moral fitness. I think Chapter 57-550 prescribes adequate standards to permit written questionnaries to be submitted by the Grand Jury Commission to said persons concerning their qualifications and moral fitness.